OPINION OF THE COURT
George B. Ceresia, Jr., S.
In this application for voluntary administration under the Small Estates Act (SCPA art 13), the applicant is an assignee of an alleged creditor of the estate. The creditor is the funeral home which conducted and arranged the funeral services for *162 the decedent. The question raised by this application is whether or not the assignee has the right to act as voluntary administrator.
The assignee has filed with the court the decedent’s purported last will and testament and has provided the court with proof of the fact that the only executor named in said will predeceased the decedent.
In addition, the assignee has served by mail written notice on all of the decedent’s distributees and on all of the legatees named in decedent’s purported will. The notice stated that the last will and testament of the decedent had been filed in Surrogate’s Court, and that upon expiration of 30 days from the date of the notice, an application would be made by the assignee to act as voluntary administrator. This 30-day period has now expired and no one has come forward seeking to act as voluntary administrator.
There is a paucity of case law on SCPA article 13 in general, and the facts in this estate appear to present to the court an issue of first impression.
Interestingly, in the event a decedent dies intestate, it does not appear that there is any statutory authority for a creditor or the creditor’s assignee to serve as a voluntary administrator (see, SCPA 1303 [a]).
However, there appears to be an anomaly in the law, when, as in this case, the decedent purportedly dies testate. SCPA 1303 (b) states as follows: "If the deceased dies testate, the named executor or alternate executor shall have the first right to act as voluntary administrator, upon filing the last will and testament with the surrogate’s court. If the named executor or alternate executor renounces or fails to qualify by filing the required affidavit within thirty days after the last will and testament has been filed in the surrogate’s court, then any adult person who would be entitled to petition for letters of administration with will annexed under section 1418 of this chapter may file the required affidavit and have the right to act as voluntary administrator.”
SCPA 1418 (1) provides, in part, as follows: "If no person is named as executor in the will or selected by virtue of a power contained therein or if at any time there is no executor or administrator with will annexed qualified to act, upon the application of any person who may petition for the probate of the will under 1402 the court must issue letters of administration with will annexed in the following order of priority”.
*163 Turning to SCPA 1402 (1) (b) it can be found that a creditor may petition for the probate of a will.
Keeping in mind that SCPA article 13 is remedial and should be liberally construed so as to spread its beneficial results as wide as possible (SCPA 1312) and in comparing provisions of SCPA 1303, 1418, and 1402, the court finds that a creditor may act as voluntary administrator. Since an assignee of a creditor stands in place of the creditor (General Obligations Law § 13-105), it therefore follows that an assignee of a creditor may act as voluntary administrator.
Notwithstanding the foregoing determination, it should be noted that SCPA 1309 (1) provides that use of article 13 is "permissive and not mandatory.” While this section’s main thrust is to emphasize that an applicant need not proceed under article 13 but may instead utilize formal probate or administration procedures, it, nevertheless, vests the court with the power, in the exercise of discretion based on good cause, to refuse to allow an otherwise authorized applicant to serve as a voluntary administrator.
Thus, in the case at hand, where the applicant is neither a relative nor a public officer, the court should use its discretion. The court notes that all of decedent’s assets will be expended in order to pay priority debts, to wit: the assignee’s funeral bill, and the fee of the assignee’s legal counsel (SCPA 1811 [1]). Under such circumstance the court concludes there is no reason to reject the application.
The Clerk of the Court shall accept applicant’s affidavit and proceed pursuant to SCPA 1304.